UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X
B.B., an infant over the age of 14 years, by his mother and natural guardian, GINA SGARLATO-BENFANTE, and GINA SGARLATO-BENFANTE, individually,

          Plaintiffs,

  - against -

RING LLC and AMAZON.COM, INC.,

          Defendants.

------------------------------------------------------- X

Case No.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Ring LLC ("Ring") and Amazon.com, Inc. ("Amazon") (collectively, "Defendants") hereby remove this action from the Supreme Court of the State of New York, County of Richmond where it is pending, to the United States District Court for the Eastern District of New York. In support of this Notice of Removal, Defendants state as follows:

## STATE COURT ACTION PROCEDURAL HISTORY

1. On or about December 11, 2020, Plaintiffs B.B. (an infant over the age of 14 years, by his mother and natural guardian, Gina Sgarlato-Benfante) and Gina Sgarlato-Benfante ("Plaintiffs") commenced an action against Ring and Amazon, entitled *B.B. an infant over the age of 14 years, by his mother and natural guardian, Gina Sgarlato-Benfante, and Gina Sgarlato-Benfante*, Index No. 152356/2020, in the Supreme Court of the State of New York, County of Richmond (the "State Court Action") by filing a Summons and Complaint. *See* Declaration of Regina Schaffer-Goldman in Support of Notice of Removal dated January 20, 2021 ("RSG Decl."), ¶ 2, Ex. A (Summons and Complaint dated Dec. 11, 2020 ("Compl.")).

2. Plaintiffs assert seven causes of action against Ring and Amazon, including negligence, invasion of privacy, breach of the implied warranty of merchantability, and unjust enrichment. RSG Decl., ¶ 2, Ex. A, Compl. ¶¶ 25–69.

3. In particular, Plaintiffs allege that a "malicious third-party" and "an agent, servant and/or employee of the Defendants gained access to Plaintiffs' WiFi enabled indoor security cameras by using the e-mail address and password assigned to Plaintiffs account" and "utilized the microphone and speaker system within the Plaintiffs' WiFi enabled indoor security cameras to talk to, frighten, harass, and/or stalk the infant Plaintiff, B.B.." *Id*. ¶¶ 19–22.

4. Plaintiffs seek damages, "including but not limited to the cost of replacement cameras; the cost of additional surveillance and protective devices and services; additional time spent monitoring and addressing future consequences of the exposure enabled by the Defendants; psychiatric, psychological and/or emotional trauma; lost time from work; loss of business opportunities; the need to hire additional staff; and the need to engage legal counsel and incur attorneys' fees, costs and expenses." *Id.* ¶ 38; *see also id.* ¶¶ 34, 36, 40, 48–49, 51–52, 55–60, 62–63, 69, & "WHEREFORE" clause.[1]

5. On December 28, 2020, Plaintiffs filed an Affirmation of Service stating that personal service was attempted on Ring but was not successful because there was no one there to accept physical service due to COVID-19. *See* RSG Decl., ¶ 3, Ex. B (Affirmation of Service dated Dec. 28, 2020). The Affirmation of Service states that service was instead effectuated by electronic mail on December 28, 2020. *Id.*

---

[1] Plaintiffs are bound by an arbitration provision and class action waiver in one or more of Defendants' terms of service, and therefore, Defendants will promptly move to compel these claims to private arbitration on an individual basis. Nothing in this removal notice is or should be construed to be a waiver of the position that this matter is subject to mandatory binding arbitration.

2

6. On December 29, 2020, Plaintiffs filed an Affidavit of Service stating that Amazon was personally served with the Summons and Complaint on December 22, 2020 at 300 Deschutes Way SW, Suite 200, Tumwater, Washington 98501.  *See* RSG Decl., ¶ 4, Ex. C (Affidavit of Service dated Dec. 29, 2020).

7. No further proceedings have occurred in the state court action.

## GROUNDS FOR REMOVAL

8. Ring and Amazon seek removal of this action pursuant to 28 U.S.C. § 1441(b) on the ground that the above-captioned matter is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332.

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Thus, removal is proper under 28 U.S.C. § 1441(b).

### The Parties Are Citizens of Different States

10. Plaintiffs are residents and domiciliaries of Richmond County, New York.  RSG Decl., ¶ 2, Ex. A, Compl. ¶ 1.  Plaintiffs are individuals, and, therefore, are citizens of New York for purposes of 28 U.S.C. § 1332.

11. Ring is and was at all times material hereto a limited liability company organized and existing under the laws of the State of Delaware.  Declaration of Mel Tang in Support of Notice of Removal dated January 19, 2021 ("Tang Decl."), ¶¶ 3–4 & Ex. 1 (Department of State: Division of Corporations: Entity Details).  Ring's member is a citizen of Washington and Delaware.  Tang Decl. ¶ 5.  A limited liability company is a citizen of every state in which any member is a citizen.  *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692

F.3d 42, 49 (2d Cir. 2012). Ring is, therefore, deemed a citizen of Washington and Delaware for purposes of 28 U.S.C. § 1332.

12. Amazon is and was at all times material hereto an incorporated company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Washington. Tang Decl., ¶¶ 6–7; RSG Decl., ¶ 2, Ex. A, Compl. ¶¶ 6–7. Amazon is a corporation and, therefore, is deemed a citizen of Delaware and Washington for purposes of 28 U.S.C. § 1332.

**The Amount in Controversy Exceeds $75,000**

13. In accordance with Section 3017(c) of the New York Civil Procedure Law and Rules,[2] Plaintiffs do not quantify the amount of damages they are seeking, stating for six of their seven causes of action that they have "been damaged in a sum which exceed the jurisdiction of all lower courts that would otherwise have jurisdiction, and seek[] appropriate recompense." RSG Decl., ¶ 2, Ex. A, Compl. ¶¶ 36, 40, 49, 60, 63. In their Seventh Cause of Action, which is for unjust enrichment,[3] Plaintiffs also do not specify the amount of disgorgement and restitution they seek. *Id.* ¶ 69.

14. Based on discussions between counsel for Defendants and Plaintiff Gina Sgarlato-Benfante and her counsel, it readily appears that Plaintiffs will seek damages in excess of $75,000.

---

[2] Section 3017(c) states, in pertinent part:

> Personal injury or wrongful death actions. In an action to recover damages for personal injuries or wrongful death, the complaint, counterclaim, cross-claim, interpleader complaint, and third-party complaint shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled. If the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

N.Y. CPLR § 3017(c).

[3] The heading for that cause of action, "Breach of the Implied Warranty of Merchantability," appears to be a typo.

4

RSG Decl., ¶ 5. By filing this notice, Defendants do not concede that any such amount is appropriate or a correct measure of damages, but rather simply relay that the amount in controversy exceeds $75,000.

### **VENUE IS PROPER IN THE EASTERN DISTRICT OF NEW YORK**

15. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Eastern District of New York is the federal judicial district and division embracing the Supreme Court of the State of New York, County of Richmond, where Plaintiffs originally filed this action, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See generally* RSG Decl., ¶ 2, Ex. A, Compl.

### **RING AND AMAZON TIMELY FILED THIS NOTICE OF REMOVAL**

16. This Notice of Removal is timely filed within 30 days after the receipt by Ring and Amazon of a copy of the pleading, motion, order or other paper from which it could be ascertained that the case has become removable, pursuant to 28 U.S.C. § 1446(b).

### **NOTIFICATIONS**

17. Ring and Amazon will provide prompt written notice to Plaintiffs, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

18. Ring and Amazon will promptly file a copy of this notice of removal with the Clerk of the Supreme Court of the State of New York, Richmond County, in accordance with 28 U.S.C. § 1446(d).

### **NON-WAIVER**

19. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under 28 U.S.C. § 1332, the removal clock will have not begun to run, and Ring and Amazon reserve the right to

remove this action at the appropriate time. *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

20. By filing a Notice of Removal, Ring and Amazon do not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

## CONCLUSION

21. Based on the foregoing, the requirements for complete diversity jurisdiction under 28 U.S.C. § 1332 are met and this action is, therefore, properly removed to the United States District Court for the Eastern District of New York.

22. Ring and Amazon respectfully request that the above-captioned action pending against them in the Supreme Court of the State of New York, County of Richmond, be removed therefrom to this Court for further proceedings.

Dated: January 20, 2021

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Regina Schaffer-Goldman*
Regina Schaffer-Goldman
101 Park Avenue
New York, NY 10178-0060
T: +1.212.309.6000
F: +1.212.309.6001
regina.schaffer-goldman@morganlewis.com

Gregory T. Parks*
1701 Market Street
Philadelphia, PA 19103-2921
T: +1.215.963.5170
F: +1.215.963.5001
gregory.parks@morganlewis.com

*Counsel for Defendants Ring LLC and Amazon.com, Inc.*

*Motion for *pro hac vice* admission forthcoming

6

## CERTIFICATE OF SERVICE

I certify that today, January 20, 2021, I caused a true and correct copy of the foregoing notice of removal, accompanying declarations, and attached exhibits to be served by Federal Express, and by email upon counsel of record listed below:

Michael D. Fitzgerald, Esq.
Sgarlato & Sgarlato, PLLC
1444 Clove Road
Staten Island, NY 10301
mfitzgerald@sgarlatolaw.com

                                                                                   */s/ Regina Schaffer-Goldman*
                                                                                   Regina Schaffer-Goldman